**BMG MUSIC; CBS, Inc.; A & M Records, Inc., Plaintiffs–Appellees,**

**v.**

**Edmundo PEREZ, individually and dba La Feria del Disco and La Feria del Disco No. 1, Defendants–Appellants.**

No. 89–56318.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 1991.

Decided Dec. 24, 1991.

Speros P. Maniates, Huntington Park, Cal., for defendants-appellants.

Russell J. Frackman, Mitchell, Silberberg & Knupp, Los Angeles, Cal., for plaintiffs-appellees.

Before BEEZER, HALL and WIGGINS, Circuit Judges.

BEEZER, Circuit Judge:

BMG Music, CBS Inc. and A & M Records, Inc. ("plaintiffs") brought a copyright infringement action against Edmundo Perez and his wholly owned corporations, La Feria del Disco and La Feria del Disco No. 1 ("Perez"). The district court entered judgment for the plaintiffs and Perez appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**I**

Plaintiffs produce, manufacture, distribute and sell phonorecords in the United States and own copyright in the various sound recordings embodied in those phonorecords. Plaintiffs brought suit against Perez alleging that Perez purchased plaintiffs' copyrighted sound recordings manufactured abroad, exported them to the United States and sold them in violation of the Copyright Act.

The district court entered a preliminary injunction enjoining Perez from importing or selling any of the plaintiffs' works. While the injunction was in force, Perez sold plaintiffs' copyrighted works manufactured abroad without plaintiffs' authorization. The district court found Perez in contempt and ordered that Perez pay sanctions to the plaintiffs. Subsequently, after a bench trial, the district court found that Perez wilfully infringed plaintiffs' copyright and awarded statutory damages and attorney's fees.

**II**

Perez first contends that the district court erred in holding that Perez infringed

plaintiffs' copyright by importing and selling plaintiffs' copyrighted material manufactured abroad. Perez contends that he is protected by the "first sale doctrine."

17 U.S.C. § 602(a) prohibits the importation, without the copyright owner's permission, of copies acquired outside the United States.[1] 17 U.S.C. § 109(a) prevents a copyright owner who has sold copies from interfering with the later sale of those copies if "lawfully made under this title."[2] The first sale doctrine in 17 U.S.C. § 109(a) does not, however, provide a defense to infringement under 17 U.S.C. § 602 for goods manufactured abroad. The words "lawfully made under this title" in § 109(a) grant first sale protection only to copies legally made and sold in the United States. *See CBS v. Scorpio Music Distributors*, 569 F.Supp. 47 (E.D.Pa.1983), *aff'd without op.*, 738 F.2d 424 (3d Cir. 1984).

In *Scorpio*, the defendant imported phonorecords of works manufactured in the Philippines to which the plaintiff owned copyright. The court, in finding for the plaintiff, reasoned that "[c]onstruing 109(a) as superseding the prohibition on importation set forth in ... § 602 would render § 602 virtually meaningless." *Id.* at 49. Copyright owners would no longer have an exclusive right to distribute copies or phonorecords of works manufactured abroad, an interest clearly protected by § 602. *Scorpio*'s concern over the possibility of rendering meaningless § 602 is justified and, for that reason, so is its result.[3] *See* 2 M. Nimmer & D. Nimmer, Nimmer on Copyright § 8.12[B], at 8–143 (1991) ("[The

---

1. That section reads:
   Importation into the United States, without the authority of the owner of copyright under this title, of copies or phonorecords of a work that have been acquired outside the United States is an infringement of the exclusive right to distribute copies or phonorecords under section 106, actionable under section 501....
   17 U.S.C. § 602(a) (1988).

2. That section reads:
   Notwithstanding the provisions of section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is

entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord.
17 U.S.C. § 109(a) (1988).

3. In *Sebastian Intern., Inc. v. Consumer Contacts (PTY) Ltd.*, 847 F.2d 1093, 1098–99 (3d Cir. 1988), the court held that the first sale defense superseded 602(a). That case, however, involved the exportation and later importation of copyrighted goods originally manufactured and sold in the United States. Because those facts are not before us in this case, we specifically decline to pass upon them here.

conclusion in *Scorpio*] remains closest to the legislative intent underlying what is admittedly a difficult statutory juxtaposition.").

Perez next contends that his infringement was de minimis and that § 602(a) should apply only to "wholesale" importation of copies. Because Perez imported multiple copies for commercial resale, exactly the behavior proscribed by the statute, Perez's argument is without merit.

Perez also contends that the unavailability of the works in the United States provides him with a first amendment defense to liability for copyright infringement. Because this is not one of those "rare instances when first amendment considerations will operate to limit copyright protection for graphic expressions of newsworthy events," *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157, 1171 (9th Cir.1977), this argument also is without merit. *See also Walt Disney Prods. v. Air Pirates*, 581 F.2d 751, 758 (9th Cir. 1978), *cert. denied sub nom. O'Neill v. Walt Disney Prods.*, 439 U.S. 1132, 99 S.Ct. 1054, 59 L.Ed.2d 94 (1979).

### III

■ Perez next contends that there was insufficient evidence to support a finding of wilful infringement. We disagree. Defendant's admissions at trial and conduct in violating the court's preliminary injunction are clear from our review of the record. The court's wilfulness finding is amply supported.

### IV

■ Perez next argues that the district court abused its discretion in awarding statutory damages. Under 17 U.S.C. § 504(c), the court may award damages of $250 to $10,000. *Id.* If the infringement is wilful, the court may award damages up to $50,000. *Id.* The court has "wide discretion" in setting the amount of damages within the statutory range. *Harris v. Emus Records*, 734 F.2d 1329, 1335 (9th Cir.1984).

In this case, the district court awarded damages in the amount of $15,000 for each infringement. Perez has not shown that the district court abused its discretion in setting the amount of statutory damages. In addition, Perez has not shown that the court erred in awarding plaintiffs their attorney's fees under 17 U.S.C. § 505. *See McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 323 (9th Cir.1987) (attorney's fees generally awarded to prevailing plaintiff in copyright cases).

### V

Perez next challenges the district court's contempt order. Perez argues that the preliminary injunction did not prohibit the sale of the recordings for which the district court ordered sanctions. Perez also argues that he had no notice of the recordings subject to the injunction. Because the injunction clearly prohibited the sale of the recordings for which Perez was sanctioned, Perez's argument is without merit.

■ Perez next contends that the district court erred in relying on affidavits rather than on oral testimony in finding Perez in contempt. Because Perez failed to object at the contempt hearing, the district court did not err in relying on affidavits. *Locklin v. Switzer Brothers, Inc.*, 348 F.2d 244, 245 (9th Cir.1965).

■ Perez also contends that the district court erred by imposing an excessive sanction for contempt. We review for abuse of discretion. *See Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir.1984). Because the district court imposed a sanction of $10,000 for each violation of the preliminary injunction, an amount no greater than statutory damages for the resulting copyright infringement, the district court did not abuse its discretion in setting the amount of sanctions.

### VI

Appellees are entitled an award of costs and attorney's fees pursuant to 17 U.S.C. § 505. Fees will be fixed by separate order. Cir.R. 39–1.6.

The judgment of the district court is AFFIRMED.