

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARACELI GONZALEZ; MARIO E. GONZALEZ, | No. 13-16309 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-02305-JAT |
| v. | MEMORANDUM[*] |
| BANK OF AMERICA, N.A., successor by merger; et al., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Araceli and Mario E. Gonzalez appeal pro se from the district court's

judgment dismissing their diversity action alleging state law foreclosure claims.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district properly dismissed plaintiffs' action because plaintiffs failed to allege facts sufficient to state plausible wrongful foreclosure and quiet title claims. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief). To the extent that plaintiffs challenge the ability of Mortgage Electronic Registration Systems, Inc. ("MERS") to assign its interest in plaintiffs' deed of trust, these arguments fail. *See Sitton v. Deutsche Bank Nat'l Trust Co.*, 311 P.3d 237 (Ariz. Ct. App. 2013) (holding that MERS, as nominee and beneficiary of a deed of trust, may assign the note and deed of trust).

The district court did not abuse its discretion in denying plaintiffs' Rule 60(b) motion for reconsideration because plaintiffs did not demonstrate any grounds warranting such relief. *See Am. Ironworks & Erectors, Inc. v. N. Am. Construction Co.*, 248 F.3d 892, 899 (9th Cir. 2001) ("Because North American and Federal simply reargued their case . . . the district court did not abuse its discretion in denying the motion [for reconsideration].").

We reject plaintiffs' contention that the district court was required to hold a hearing before deciding their motion for reconsideration. *See* Fed. R. Civ. P. 78(b)

("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED**.