

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARA CURTIS; CYNTHIA ALDRICH; ALFRED CURRIER, | No. 14-35686 |
| Plaintiffs-Appellees, | D.C. No. 2:12-cv-00991-JLR |
| v. | MEMORANDUM[*] |
| ILLUMINATION ARTS, INC.; ILLUMINATION ARTS PUBLISHING, L.L.C.; JOHN M. THOMPSON; KIMMIE LYNN THOMPSON, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 8, 2017[**]
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Plaintiffs Chara Curtis, Cynthia Aldrich, and Alfred Currier are the author

and illustrators of three children's books. They sued Defendants—two publishing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

entities and two individuals involved with those entities—for copyright infringement and breach of contract after Defendants allegedly stopped paying royalties but continued to sell Plaintiffs' books without permission. Defendants appeal from the final judgment against them, and we affirm.

1. The district court did not abuse its discretion by entering a default judgment against Defendants. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007). The court appropriately applied the factors identified in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The court documented Defendants' numerous discovery violations and delays that took place over many months. The court issued several warnings and lesser sanctions that were ineffective in causing Defendants to comply with deadlines and court orders. Finally, the court held an evidentiary hearing before entering a default judgment.

2. The district court did not err in failing to construe Defendant John Thompson's pro se declarations as requests to withdraw Defendants' admission as to Request for Admission #41, pursuant to Federal Rule of Civil Procedure 36(b), and in failing to order that the admission be withdrawn. The pro se filings at issue are not reasonably interpreted to ask for withdrawal of any admissions. No party cited Rule 36 in the district court. Moreover, even if we construed the filings as Rule 36(b) motions, withdrawal of an admission is permissive, not mandatory, and

we review the denial of such a motion only for abuse of discretion. Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). And finally, because all infringement-related facts were deemed admitted because of the default, Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam), withdrawal of the admissions would not make any difference to the outcome.

3. Because Plaintiffs' allegations of willful infringement are deemed true on account of the default, the district court properly found that the infringement was willful. We find no abuse of discretion in the court's award of statutory damages. See BMG Music v. Perez, 952 F.2d 318, 320 (9th Cir. 1991) (describing "'wide discretion' in setting the amount of damages within the statutory range," reviewed for an abuse of discretion (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984)); Harris, 734 F.2d at 1335 ("The award will be overturned only for abuse of discretion."). The court awarded only one-third of the allowable maximum, and an award of statutory damages is meant to serve both compensatory and punitive purposes. L.A. News Serv. v. Reuters Television Int'l, Ltd., 149 F.3d 987, 996 (9th Cir. 1998).

4. The district court did not err in finding Defendant Kimmie Thompson individually liable for copyright infringement. As noted, upon entry of default, the

3

allegations of the complaint were deemed true. And the complaint accused all Defendants of directly continuing to publish, sell, and distribute the books even after Plaintiffs terminated the publishing agreement. Those facts make her liable for damages under the Copyright Act, 17 U.S.C. § 501(a).

5. The district court did not clearly err in applying the alter ego doctrine to hold Defendant John Thompson individually liable to Plaintiffs on their breach of contract claim. See Towe Antique Ford Found. v. IRS, 999 F.2d 1387, 1391 (9th Cir. 1993) (holding that we review application of the alter ego doctrine for clear error). Under Washington law, "[f]irst, the corporate form must be intentionally used to violate or evade a duty; second, disregard must be necessary and required to prevent unjustified loss to the injured party." Meisel v. M & N Modern Hydraulic Press Co., 645 P.2d 689, 692 (Wash. 1982) (internal quotation marks omitted). "Intentional misconduct must be the cause of the harm that is avoided by disregard." Id. at 693. First, the court cited undisputed facts demonstrating that John Thompson used corporate assets to pay for obviously personal expenses, such as grocery bills, salon services, pet services, and dental work, and that he freely transferred money between personal and company accounts. Second, the court did not clearly err in concluding that this behavior dissipated corporate assets available to pay Plaintiffs' royalties. Although the district court did not explicitly hold that disregard of the corporate form was necessary to prevent unjustified losses to

4

Plaintiffs, this oversight was harmless. The record shows that the corporate entities were nearly insolvent, and therefore any dissipation resulting from John Thompson's use of corporate assets to pay personal expenses would directly and unjustifiably harm Plaintiffs.

**AFFIRMED.**