NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY C. GOSHA, an individual and together as husband and wife; KIT M. GOSHA, an individual and together as husband and wife, <br><br>         Plaintiffs - Appellants, <br><br>    v. <br><br> BANK OF NEW YORK MELLON CORP., FKA Bank of New York, As Trustee (CWALT 2005-72); et al., <br><br>         Defendants - Appellees. | Nos. 22-35940 <br><br> D.C. No. 3:19-cv-00470-HZ <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted January 30, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Plaintiffs-Appellants Gary C. Gosha and Kit M. Gosha (collectively, "the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Goshas") appeal pro se from the district court's grant of summary judgment in favor of Defendants-Appellees Bank of New York Mellon Corp. ("BONY"), Community Loan Servicing, LLC ("Community"), and Clear Recon Corp. ("CRC") on federal and state law claims related to nonjudicial foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* questions of mootness, the grant of summary judgment, and an unexplained denial of a continuance for further discovery. *All. for the Wild Rockies v. U.S. Dep't of Agric.*, 772 F.3d 592, 598 n.3 (9th Cir. 2014); *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). We review the district court's denial of leave to amend and award of attorney's fees for abuse of discretion. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058, 1062 (9th Cir. 2011). We affirm.

1.      BONY's voluntary recission of nonjudicial foreclosure proceedings, two months after the Goshas commenced this action in district court, did not moot the Goshas' claims. The Goshas sought monetary damages for breach of contract and violations of the Oregon Unfair Trade Practices Act ("OUTPA"), Fair Debt Collection Practices Act ("FDCPA"), and Real Estate Settlement Procedures Act ("RESPA"). The Goshas' "pursuit of monetary relief ensure[d] that the case 'remain[ed] definite and concrete, touching the legal relations of parties having

adverse legal interests.'" *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1166 (9th Cir. 2013) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 371 (1982)). Furthermore, "[t]he voluntary cessation of challenged conduct moots a case 'only if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1225 (9th Cir. 2023) (citation omitted). BONY made no commitment to abandon future nonjudicial foreclosure proceedings and has since initiated nonjudicial foreclosure proceedings against the Goshas. The Goshas' claims are not moot.

2. The district court properly granted summary judgment on the Goshas' breach of contract claim.[1] Fed. R. Civ. P. 56(a). To establish a claim for breach of contract under Oregon law, a "plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996) (internal quotations omitted). The Goshas do not dispute that they defaulted on their mortgage after failing to make a mortgage payment since 2011, and they are therefore in material breach of the Deed of Trust. *Com. Mortg. Co. v. Indus. Park Co.*, 101 Or. App. 345, 349 (1990)

---

[1] In their opening brief, the Goshas only challenged the summary judgment decision with respect to their breach of contract claim. The Goshas do not address, and have therefore forfeited, any challenge to the district court's grant of summary judgment on their OUTPA, FDCPA, or RESPA claims. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

("A breach is material if it goes to the substance of the contract and defeats the object of the parties' entering into the contract."). Because the Goshas cannot establish full performance and lack of breach, their breach of contract claim is not actionable under Oregon law.

3. The district court did not err in denying the Goshas' request for a continuance of the summary judgment proceedings to conduct further discovery. *See Qualls ex rel. Qualls*, 22 F.3d at 844 (explaining that district courts do not need to explicitly state their decision on a Rule 56(d) request, but that we review de novo unexplained 56(d) rulings). Denial was appropriate because the Goshas failed to identify specific facts likely to be revealed through further discovery which would preclude summary judgment. *See Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018). We also reject the Goshas' contention that the district court abused its discretion by denying leave to file a third amended complaint at a point when the parties had already conducted discovery and a summary judgment motion had been filed. *See Design Data Corp. v. Unigate Enter., Inc.*, 847 F.3d 1169, 1173 (9th Cir. 2017).

4. Finally, the district court did not abuse its discretion by granting attorney's fees under Section 22 of the Deed of Trust as a separate award rather than adding it to the Goshas' existing loan amount. The Goshas' claims are premised on violations of Section 22 of the Deed of Trust, which states that the

"[l]ender shall be entitled to collect . . . reasonable attorneys' fees and costs" incurred in pursuit of remedies to a default such as acceleration or sale. Section 22 does not require that attorney's fees be assessed as an additional debt of the borrower secured by the Deed of Trust.[2]

**AFFIRMED.**

---

[2] By separate order, we denied the Goshas' motion for leave to file a supplemental brief which raised new arguments that had not presented in their opening brief and were therefore waived. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1214 (9th Cir. 2020). We deny the Goshas' request for reconsideration of that order.