NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**XIAOHUA HUANG,**
*Plaintiff-Appellant*

**v.**

**AMAZON.COM, INC.,**
*Defendant-Appellee*

---

2024-1428

---

Appeal from the United States District Court for the Northern District of California in No. 5:23-cv-04679-NC, Magistrate Judge Nathanael M. Cousins.

---

Decided:  January 28, 2025

---

XIAOHUA HUANG, Los Gatos, CA, pro se.

ROBERT CRUZEN, Klarquist Sparkman, LLP, Portland, OR, for defendant-appellee.  Also represented by SARAH ELISABETH JELSEMA.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Xiaohua Huang appeals from a decision by the United States District Court for the Northern District of California, which dismissed his Second Amended Complaint (SAC) and denied him leave to file his proposed Third Amended Complaint (TAC). *See Huang v. Amazon.com Inc.*, No. 23-CV-04679, 2024 WL 413355 (N.D. Cal. Jan. 26, 2024) (*Order*). For the following reasons, we *affirm*.

BACKGROUND

Mr. Huang owns U.S. Patent Nos. 6,744,653, 6,999,331, and RE45,259 ('259 patent). These patents relate to ternary content addressable memory technology in the field of semiconductor chips.

Mr. Huang initially filed suit against Meta Platforms, Inc. (Meta) in the United States District Court for the Middle District of Florida, alleging direct infringement and indirect infringement of the '259 patent. Appx. 3–4.[1] He then filed a First Amended Complaint (FAC), asserting all three patents and adding Walmart, Inc., Best Buy Co., Inc., and Amazon.com, Inc. (Amazon) as defendants. Appx. 6–7. The United States District Court for the Middle District of Florida transferred the case to the United States District Court for the Northern District of California (district court), and Meta moved to dismiss the FAC. S.A. 13.[2] Meta argued that Mr. Huang's FAC (1) identified the accused products too broadly and (2) alleged only conclusory statements. *Id.* at 23.

In response to Meta's motion to dismiss, Mr. Huang filed his SAC, naming Amazon as the sole defendant, and asserting only the '259 patent. Appx. 16–20. Unlike the FAC, the SAC included Exhibit X1. Appx. 22–29. This

---

[1]    Appx. refers to the appendix submitted with the Appellant's Informal Opening Brief.

[2]    S.A. refers to the supplemental appendix submitted with the Appellee's Response Brief.

exhibit contained a description of EEPROM chips,[3] three figures, and a claim chart. *Id.* The description and claim chart alleged that most EEPROM chips infringe claim 29 of the '259 patent. *See id.* at 23, 27–29. The description stated that EEPROM chips appear in a variety of consumer electronics, such as cell phones and computers. *Id.* at 23. It further provided a list of accused products that allegedly contain EEPROM chips. *Id.* The exhibit further stated that Figure 1 is a schematic of a circuit Mr. Huang claimed he "extracted from the EEPROM chips of most major EEPROM providers since the year of 2017." *Id.* But this figure is almost entirely redacted. Figure 3 shows a waveform (i.e., voltage vs. time) for different nodes of the EEPROM circuit depicted in Figure 1, and it too is largely redacted. The subsequent claim chart maps each claim element of claim 29 to the allegedly infringing EEPROM chip depicted in redacted Figure 1.

Amazon moved to dismiss Mr. Huang's SAC. S.A. 28. Amazon argued that the heavily redacted figures in Exhibit X1, coupled with vague statements about the EEPROM chip illustrated in Figure 1, failed to provide "fair notice" of Mr. Huang's claims. *Id.* at 40. Amazon relatedly argued that the SAC "does not plausibly allege with any specificity that any of [the accused] products when sold or offered for sale by Amazon included infringing memory systems." *Id.* The SAC, according to Amazon, offered only a conclusory statement that the three-dozen-plus accused

---

[3]    EEPROM chips, short for electrically erasable programmable read-only memory chips, are a type of memory chip that can retain data without power. *What Is EEPROM and How Does it Work?*, Giantec Semiconductor, https://en.giantec-semi.com/Newsroom/What-Is-EEPROM-and-How-Does-it-Work (last visited Jan. 8, 2025).

products contained the allegedly infringing EEPROM chip. *Id.* at 39–40.

Mr. Huang, in response, sought permission to file a third amended complaint. Appx. 30. The district court ordered Mr. Huang to first submit a redlined version highlighting his proposed changes. His proposed TAC updated Exhibit X1 and added a new exhibit, Exhibit 2. Appx. 37–46. In the updated version of Exhibit X1, Mr. Huang replaced the figures entirely and provided a new description. *See id.* The updated description, among other things, alleged that EEPROM chips were "widely used" in the accused products, *id.* at 39, and that most consumer electronics manufacturers obtained their EEPROM chips from a select few EEPROM providers. *Id.* at 40. The description indicated that Mr. Huang reverse engineered the 4K and 128K EEPROM chips from various providers. In doing so, he concluded that certain model numbers infringed. *Id.* at 41. Figure 1 in the amended Exhibit X1 shows general pictures of Giantec Semiconductor's EEPROM chips. Figure 2 shows snapshots of an opened-up iPhone in a how-to-repair video accompanied by an arrow pointing to the alleged location of the EEPROM chip.

The district court granted Amazon's motion to dismiss the SAC and denied Mr. Huang permission to file his TAC. *Order*, 2024 WL 413355, at \*1. The district court explained that the SAC "fails to specify which particular products are at issue." *Id.* at \*3. The district court also noted that Mr. Huang's SAC simply concluded the accused products have the EEPROM chip in Figure 1 of Exhibit X1 without providing any factual allegations. *Id.*

The district court then denied Mr. Huang leave to file his TAC. It explained that granting leave to amend "would be futile" because of Mr. Huang's persistent failure to cure defects, despite having a chance to do so. *Id.* at \*4. The district court also observed that, even if his TAC were operative, Mr. Huang still failed to state a claim. It

reiterated that Mr. Huang continued to append a catch-all "etc." in the accused list of products, which made it impossible to define the products at issue. *Id.* at \*3. The district court also noted that Mr. Huang's TAC failed to tie any allegedly infringing EEPROM chip model number to a specific accused product. *Id.*

Mr. Huang appeals both the district court's dismissal of his SAC and refusal to let him file his proposed TAC. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a district court's decisions on motions to dismiss and motions for leave to amend according to applicable regional circuit law. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1288 (Fed. Cir. 2024).

The Ninth Circuit applies de novo review of a district court's grant of a motion to dismiss, accepting as true all plausible factual allegations in the complaint. *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1017 (9th Cir. 2024). The court must treat well-pleaded factual allegations as true but can discount conclusory statements. *Recinto v. U.S. Dep't of Veterans Affs.,* 706 F.3d 1171, 1177 (9th Cir. 2013). A court likewise is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although pro se pleadings get liberally construed, "a plaintiff must still present factual allegations sufficient to state a plausible claim for relief." *Gonzalez v. Bank of Am., N.A.*, 643 F. App'x 665, 665 (9th Cir. 2016) (citing *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010)).

The Ninth Circuit reviews a denial of leave to amend for abuse of discretion. *Design Data Corp. v. Unigate Enter., Inc.*, 847 F.3d 1169, 1172 (9th Cir. 2017). "In assessing the propriety of a motion for leave to amend, [the Ninth Circuit] consider[s] five factors:  (1) bad faith; (2) undue

delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). A district court has particularly broad discretion to deny leave when it has already given leave to amend. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014).

I

The district court properly dismissed Mr. Huang's SAC.[4] As an initial matter, though Mr. Huang offers some examples of accused products, his usage of "including but not limited to" and repeated usage of "etc." fails to place Amazon "on notice of what activity is being accused of infringement." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (cleaned up).

The SAC, moreover, falls short because it merely alleges that the unbounded list of accused products "contains the IC chip" that infringes claim 29 of the '259 patent. Appx. 18. This allegation simply concludes, with no factual basis, that the supposedly infringing circuit in Figure 1 of Exhibit X1 exists in each of the accused products. Even if the illustrated EEPROM chip plausibly infringes claim 29, the complaint fails to include factual allegations linking the allegedly infringing chip to the accused products.

Mr. Huang contends that, because all the cell phones in his list of accused products have EEPROM chips, and because all such EEPROM chips (or, at the very least, the EEPROM chips of major providers) have the infringing circuit in Figure 1 of Exhibit X1, all cell phones thus infringe claim 29 of the '259 patent. Appellant's Informal Opening

---

[4]    Mr. Huang challenges only the district court's dismissal of direct infringement of claim 29. We thus limit our review of the Second Amended Complaint to only direct infringement of claim 29.

Br. 22. But these allegations do not appear in the SAC. *See* Appx. 16–29; *Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017) ("Our review is confined to the complaint's face because, as a general rule, we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." (citation omitted)). In any event, these statements fall short. They simply assume that either all or a majority of cell phones have the infringing circuit.

## II

The district court did not abuse its discretion by denying Mr. Huang leave to file his TAC. The district court correctly observed that Mr. Huang had consistently refused to fix certain defects in his pleadings, despite having notice of these issues. *Order*, 2024 WL 413355, at *4. The FAC, for example, identified the accused products as "including but not limited to Meta Quest Pro, Oculus Quest 2 etc." Appx. 9. Meta's motion to dismiss argued that such a list "identifies only broad, vague categories" of accused products. S.A. 23. Yet the proposed TAC's list of accused products suffers from these same defects. *See* Appx. 35. In light of Mr. Huang's repeated failures to cure this defect, the district court did not abuse its discretion in denying leave to file the TAC. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) ("As a general rule, leave to amend may be denied when a plaintiff has demonstrated a 'repeated failure to cure deficiencies by amendments previously allowed.'" (citation omitted)).

The district court additionally concluded that Mr. Huang's TAC would still fail on the merits, and we see no abuse of discretion here. *Order*, 2024 WL 413355, at *3; *see Finsa Portafolios, S.A. de C.V. v. OpenGate Cap., LLC*, 769 F. App'x 429, 432 (9th Cir. 2019) ("The district court has discretion to deny leave to amend if the amended complaint would be 'subject to dismissal.'" (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991))). As discussed above, the TAC creates a virtually limitless list of accused

products, which fails to place Amazon "on notice of what activity . . . is being accused of infringement." *Bot M8*, 4 F.4th at 1352 (omission in original) (citation omitted); *see* Appx. 33–34.  Moreover, the TAC still fails to tie the allegedly infringing EEPROM chip to any accused product. Mr. Huang alleges that Samsung, Xiaomi, Lenovo, and other brands all "are end users of Giantec Semiconductor's [infringing] EEPROM," based only on "public information." Appx. 40.  But the TAC offers no other detail or explanation of the "public information."

Mr. Huang also contends that we should treat his TAC as a new first amended complaint because his SAC was the first complaint to be filed in the Northern District of California and name Amazon as the sole defendant.  *See* Appellant's Informal Opening Br. 24–25.  He cites no authority for this principle, and we decline to adopt such a principle here.

## CONCLUSION

We have considered Mr. Huang's remaining arguments and find them unpersuasive.  We therefore *affirm* the district court.

## AFFIRMED

### COSTS

No costs.