defendant sued out a writ of error, raising one of the questions recently considered and decided by this court in a number of cases in which the defendant and various public service corporations of New Jersey were parties. 229 Fed. 902, —— C. C. A. ——. Applying to the facts of this case the theory of the law there announced, we are of opinion that the lessor corporation was not "doing business" within the meaning of the act, and that the judgment below should be affirmed.

HEWITT LAND CO. et al. v. UNITED STATES. (Circuit Court of Appeals, Ninth Circuit. May 1, 1916.) Nos. 2779, 2780. Appeal from the District Court of the United States for the District of Oregon. Clarence L. Reames, U. S. Atty., of Portland, Ore., and Frank Hall, Sp. Asst. Atty. Gen., of San Francisco, Cal., for the United States. Dismissed for noncompliance by appellants with rules 23 and 24, 150 Fed. xxxii, xxxiii, 79 Fed. xxxii, xxxiii—failure of appellants to print record under rule 23, and to file a printed brief under rule 24.

J. G. WHITE & CO., Inc., v. THOMAS, District Judge. (Circuit Court of Appeals, Second Circuit. March 7, 1916.) Before COXE and ROGERS, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. This court did not direct that a final judgment be entered; it simply directed that such proceedings be had in the District Court in accordance with the decision of this court "as according to right and justice and the laws of the United States ought to be had." The petition is denied.

In re JOHN A. ROEBLING'S SONS CO. In re NORTH ELECTRIC CO. (Circuit Court of Appeals, Sixth Circuit. March 10, 1916.) No. 2715. Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge. Tolles, Hogsett, Ginn & Morley and A. V. Cannon, all of Cleveland, Ohio, for petitioner. Ford, Snyder & Tilden, of Cleveland, Ohio, for bankrupt. Dismissed pursuant to stipulation.

In re JOHN A. ROEBLING'S SONS CO. In re NORTH ELECTRIC CO. (Circuit Court of Appeals, Sixth Circuit. March 10, 1916.) No. 2646. Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge. A. V. Cannon and Tolles, Hogsett, Ginn & Morley, all of Cleveland, Ohio, for petitioner. Ford, Snyder & Tilden and A. D. Baldwin, all of Cleveland, Ohio, for bankrupt. Dismissed pursuant to stipulation.

In re JOHN A. ROEBLING'S SONS CO. In re TELEPHONE IMPROVEMENT CO. (Circuit Court of Appeals, Sixth Circuit. March 10, 1916.) No. 2716. Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge. Tolles, Hogsett, Ginn & Morley and A. V. Cannon, all of Cleveland, Ohio, for petitioner. Ford, Snyder & Tilden, of Cleveland, Ohio, for bankrupt. Dismissed pursuant to stipulation.

In re JOHN A. ROEBLING'S SONS CO. In re TELEPHONE IMPROVEMENT CO. (Circuit Court of Appeals, Sixth Circuit. March 10, 1916.) No. 2647. Petition for Revision of Proceedings of the District Court of the United

States for the Northern District of Ohio; John M. Killits, Judge. A. V. Cannon and Tolles, Hogsett, Ginn & Morley, all of Cleveland, Ohio, for petitioner. Ford, Snyder & Tilden and A. D. Baldwin, all of Cleveland, Ohio, for bankrupt. Dismissed pursuant to stipulation.

---

KIMMERLE et al. v. LOWITZ. (Circuit Court of Appeals, Sixth Circuit. January 14, 1916.) No. 2706. In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge. Wm. F. McKnight, of Grand Rapids, Mich., for plaintiffs in error. Wilson & Johnson, of Grand Rapids, Mich., for defendant in error. Dismissed under rule 22 (150 Fed. xxxii, 79 C. C. A. xxxii).

---

MARCONI WIRELESS TELEGRAPH CO. OF AMERICA v. SIMON. (Circuit Court of Appeals, Second Circuit. March 14, 1916.) No. 220. Appeal from the District Court of the United States for the Southern District of New York. John W. Griggs, Livingston Gifford, L. F. H. Betts, and James J. Cosgrove, all of New York City, for appellant. Walter H. Pumphrey, of New York City, for appellee. Abraham M. Beitler, of Philadelphia, Pa., and C. V. Edwards, of New York City, amicus curiæ, for William Cramp & Sons Ship & Engine Bldg. Co. Frederick W. Winter, of Pittsburgh, Pa., amicus curiæ, for National Electric Signaling Co. Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The decree of the District Court is affirmed, on the opinion of Judge Hough. 227 Fed. 906.

WARD, Circuit Judge (dissenting). The Navy Department contracted with one Simon to construct radio apparatus for certain vessels of war. Thereupon the Marconi Company filed a bill against Simon, alleging that in so doing he was infringing its patent, and praying for an injunction and accounting. The complainant moved for a preliminary injunction, and the defendant moved that the bill be dismissed. The District Judge denied the motion for a preliminary injunction, and granted the motion to dismiss, on the ground that the act of June 25, 1910 (36 Stat. 851 [Comp. St. 1913, § 9465]), made the government a licensee of the complainant patentee, and that the defendant Simon, in making the patented apparatus for a licensee, was not an infringer. For the purposes of this appeal Simon's apparatus, unless constructed under a license from the complainant, must be considered an infringement. A taking of property by eminent domain is an admission that the government is not the owner of the property taken and a promise to pay the owner is therefore implied. For such a taking by the government a patentee had previous to 1910 a right to recover in the Court of Claims (Rev. Stat. U. S. § 1059) and by the Tucker Act in the Circuit Court of the United States (Act March 3, 1887, c. 359, 24 Stat. 505). But the act of June 25, 1910, provided for an entirely different situation, viz. the government's asserting its right to use the thing or process patented without the consent of the patentee. For this situation there had been no remedy for the patentee against the government. I think Congress did not intend to create the relation of licensor and licensee between the government and the patentee when the government claimed to be acting within its rights, but merely to give the patentee what the title of the act correctly describes as additional protection, viz. a remedy in case of a tortious taking under a claim of right. That is the present case. Nor do I think that Congress intended to take away from patentees the right of suing independent contractors with the government. The case of officers of the government stands on a different ground because suing them is tantamount to suing the sovereign. Courts out of regard for public policy will no doubt refuse to interfere in proper cases with government activities by enjoining