### FOUNDATION CO. v. UNDERPINNING & FOUNDATION CO.

(District Court, S. D. New York. January 27, 1919.)

PATENTS ⚖══287—SUIT FOR INFRINGEMENT—USE OF INVENTION BY OR FOR UNITED STATES—INJUNCTION.

Under Act June 25, 1910, as amended by Act July 1, 1918 (Comp. St. 1918, § 9465 Append.), providing that, whenever a patented invention shall be used by or for the United States without license, the "owner's remedy shall be by suit against the United States * * * for the recovery of his reasonable and entire compensation," a court will not grant a preliminary injunction to restrain the use of a patented invention by a contractor in the construction of a government building.

In Equity. Suit by the Foundation Company against the Underpinning & Foundation Company. On motion for preliminary injunction. Denied.

D. Anthony Usina, of New York City, for the motion.
J. Edgar Bull, of New York City, opposed.
John E. Walker, Special Asst. U. S. Atty., of New York City, amicus curiæ.

MAYER, District Judge. Plaintiff is the owner of certain patents having to do with the construction of caissons, and has brought the usual suit for infringement against defendant, inter alia, for permanent injunctive relief, and this motion is for a preliminary injunction.

Caissons said to infringe are being sunk as parts of the foundation of the new United States Assay Office, now in course of construction at 30 Wall street, New York City, for the United States government, under the direction of the Treasury Department, pursuant to contract.

Defendant is the subcontractor for the building of the foundations for this new Assay Office, and the caissons are being constructed as parts of such foundations. Two caissons have been completed and are ready to be sunk, and other caissons are in various stages of construction. When sunk to bed rock, the caissons become parts of the foundations of the building.

It is plain that an injunction, if now issued, would seriously delay the construction of the public building in question, and therefore, at

---

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the threshold of the case, attention is called to the Act of July 1, 1918, c. 114, 40 Stat. 704 (Comp. St. 1918, § 9465, Append.), which amended the Act of June 25, 1910, c. 423, 36 Stat. 851. The point is made that the act of 1918 was intended, in any event, to prevent the issuance of an injunction in a case such as that at bar.

It may fairly be assumed that the amendatory act of July 1, 1918, was enacted to overcome the delays and difficulties which confronted the government in the use of patented articles and which were still possible under the act of 1910, as that act had been construed by the Supreme Court. International, etc., Co. v. William Cramp, etc., Co., 202 Fed. 932, 121 C. C. A. 290; William Cramp, etc., Co. v. International, etc., Co., 246 U. S., 28, 38 Sup. Ct. 271, 62 L. Ed. 560; Marconi Wireless, etc., Co. v. Simon (D. C.) 227 Fed. 906; Id., 231 Fed. 1021, 145 C. C. A. 656; Id., 246 U. S. 46, 38 Sup. Ct. 275, 62 L. Ed. 568.

Such parts of the two acts as are material to the question here are quoted for convenient reference:

"Whenever an invention described in and covered by a patent of the United States shall hereafter be used by the United States without license of the owner thereof or lawful right to use the same, such owner may recover reasonable compensation for such use by suit in the Court of Claims. * * *" Act of 1910.

"Whenever an invention described in and covered by a patent of the United States shall hereafter be used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, such owner's remedy shall be by suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. * * *" Act of 1918.

These important differences at once appear: (1) "Used by the United States" is enlarged to (a) used by and for and (b) manufactured by and for; (2) such owner "may recover reasonable compensation" against the United States, with no limitation upon the right to sue or recover against the infringing contractor, manufacturer, or other person, is changed to confining "such owner's remedy" to a suit against the United States for the recovery, not only of reasonable compensation, but of his "entire compensation."

In the case at bar, which is quite typical, one provision of the original proposals and specifications, "because of the urgent need for the early completion of the building," makes time an element in the consideration and determination of the award of the contract, and probably one of the reasons for the enactment of the act of July 1, 1918, was to obviate delays which injunctive relief would occasion.

The sovereign power, therefore, which cannot be sued without its consent, has decided to protect itself by treating such a situation as that at bar as a claim, in effect, against itself for full money compensation, and has thus created, not only a cause of action against itself for reasonable compensation, but for whatever may be "entire" compensation.

Whether plaintiff has a cause of action against defendant is, however, not here for decision at the moment. It is, however, clear that the act of July 1, 1918, was intended to supply the inadequacies of the

previous act, and give complete remedy against the United States, in order to prevent delays injurious to the government which necessarily follow the restraining of any person from carrying out a contract to furnish patented articles, devices, et al., manufactured for or to be used by or for the United States.

Whether these views are correct or not, it is at least certain that, under the well-settled practice of this circuit, the motion must be denied.