## WOOD v. ATLANTIC GULF & PACIFIC CO.

(District Court S. D. Alabama. March 18, 1924.)

**1. Patents ⬦⊃287—Use of patented article in work for government without knowledge not protected.**

Conceding that use of patented article in work for government is protected by Act July 1, 1918, amending Act June 25, 1910 (Comp. St. Ann. Supp. 1919, § 9465), such use should not be extended to a case where it was not with the knowledge and consent of government.

**2. Patents ⬦⊃316—Standard form of injunction not invalid because of statute regarding use of patents by government.**

The standard form of injunction used by the various courts in restraining infringement of patents is not invalid because of Act June 25, 1910, as amended by Act July 1, 1918 (Comp. St. Ann. Supp. 1919, § 9465), relating to the recovery of damages where patented article is used by or manufactured for government; it being unnecessary for a court, in granting an injunction, to write into it any express exception as to the making by or for the use of the government of the patented article, especially since the court can make provision for and grant ample protection to infringer as to that part of the damage and remit the claim for damages to the court of claims.

**3. Patents ⬦⊃287—Act requiring suit against government for damages for use of patented article not effective, where use by contractor not required.**

Act June 25, 1910, as amended by Act July 1, 1918 (Comp. St. Ann. Supp. 1919, § 9465), limiting owner of patent used for or by the government to a suit for damages against the government, is not effective, where the use of the patented article is in the performance of a contract by an independent contractor with the government, which does not require him to use the patented article, but leaves him free to use it or not as he sees fit.

In Equity. Suit by Albert B. Wood against the Atlantic Gulf & Pacific Company. Decree was entered for plaintiff. On motion by defendant to reopen the decree. Motion denied.

⬦⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Monroe & Lemann, of New Orleans, La., and F. O. Richey, of Cleveland, Ohio, for plaintiff.

Harry T. Smith & Caffy, of Mobile, Ala., for defendant.

ERVIN, District Judge. This matter comes on to be heard on a motion filed by defendant to reopen the former decree of this court and permit defendant to offer newly discovered evidence tending to show anticipation of the idea disclosed in plaintiff's patent, and, further. because it is claimed the court, in the injunction granted in favor of plaintiff, exceeded the jurisdiction of the court, in that it overlooked the Act of Congress approved July 1, 1918 (40 Stat. 705, c. 114 [Comp. St. Ann. Supp. 1919, § 9465]), amending the Act of June 25, 1910.

I here quote the material portions, both of the act of 1910 and of the amendatory act of 1918, italicizing the special language which is to be construed. I also bracket the words added by the amendatory act.

"Whenever an invention described in and covered by a patent of the United States shall hereafter be used by the United States without license of the owner thereof or lawful right to use the same, such owner may recover reasonable compensation for such use by suit in the Court of Claims. * * *" Act of 1910.

"Whenever an invention described in and covered by a patent of the United States shall hereafter *be used [or manufactured] by [or for] the United States* without license of the owner thereof or lawful right to use or manufacture the same, such owner's remedy shall be by suit against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. * * *" Act of 1918.

The only words added by amendment to the original act are shown in the brackets, and they are "or manufactured" before the word "by" and "or for" following the word "by." So that primarily the act was amended only by adding the provision that, if a patented article should be manufactured for the United States, then the remedy of the patentee is fixed by the act.

Suppose the act as originally passed had contained only the words added by the amendment, it would only have provided that, if the patented article be manufactured by or for the United States, then the remedy would be as provided. But the original act already provided that, if the article was used by the United States, the remedy should be as provided. Now we have, therefore, the letter asking an amendment of this act, so as to let the government "proceed with the procuring of such patented articles as it needed," and an addition by amendment of words doing this very thing. It is at least doubtful to me if the act goes any further, and covers the use by a third person in a government work of a patented article.

[1] But, conceding the need of the government that work done for it should be protected, as well as the work it was doing, and also conceding that, by the way the words "or manufactured" and "or for" are placed in the sentence, it was intended to qualify them by the preceding word "used," so as to protect one who used a patented article in work done for the government, still such use should not be extended to a case where it was not with the knowledge and consent of the government.

[2, 3] This raises two questions for consideration: First, whether the standard form of injunction which is used by the various courts over the country is invalid, because of the provisions of the act, and should be altered, so as to provide an express exception in the matters provided for in the act, where work is being done for the government, or the making or using for the government of the patented article; second, is the act effective, where the use of the patented article is in the performance by an independent contractor with the government of work which he is doing for the government, which does not under the terms of his contract require him to use the tool or device which is patented, but leaves him free to use it or not as he sees fit?

As to the first proposition, it seems clear to me that there is no necessity for the court, in granting an injunction against an infringer of a patent, to write into the injunction any express exception as to the making by or for the government of the patented article or the use of the patented article by the infringer for the government, for several reasons:

First, the court cannot foresee that the infringer will ever have any occasion to make a patented article for the government, or to use it for the government, or will ever have any contract with the government which calls for either the making or using of such article.

Second, if it should ever transpire, in the taking of evidence as to damages, that a part of the damage claimed is by reason of the making of the article for the government, or the use of the article for the government, the court can make provision for, and grant ample protection to the infringer as to, that part of the damages, and can remit so much of the claim for damages as is for such making or use, to the Court of Claims for determination under the provisions of the act.

Hence there would be no reason for setting aside the decree in this case, or for changing it in this respect. At the expense of making this opinion unduly long, it might be well to quote what defendant has quoted to me, namely, a letter from the Acting Secretary of the Navy to Senator Tillman, chairman of the committee of naval affairs, which brought about the passage of this bill, and also the report of Mr. Padgett, chairman of the committee of naval affairs in the House, in reporting the bill in the House. Both the letter and report are given for the purpose of calling attention to the purpose sought to be accomplished by the enactment.

"Navy Department, Washington, April 20, 1918.

"My Dear Senator Tillman: This department is confronted with a difficult situation as the result of a recent decision by the Supreme Court affecting the government's rights as to the manufacture and use of patented inventions, and it seems necessary that amendment be made of the Act of June 25, 1910, entitled 'An act to provide additional protection for the owners of patents of the United States, and for other purposes.' The case in which the court's decision was rendered is that of William Cramp & Son's Ship & Engine Building Co., Petitioner, v. International Curtis Marine Turbine Co. and Curtis Marine Turbine Co. of the United States, and the decision is, in effect, so far as it is of importance here, that a contractor for the manufacture of a patented article for the government is not exempt, unless he is only a contributory infringer, from injunction and other interference through litigation by the patentee.

"A prior decision of the Supreme Court, that in the case of Crozier v. Krupp, had been interpreted as having the opposite meaning, and the department was able up to the time of the later decision, on March 4 last, to proceed satisfactorily with the procuring of such patented articles as it needed, leaving the matter of compensation to patentees for adjustment by direct agreement, or, if necessary, by resort to the Court of Claims under the above-mentioned act of 1910. Now, however, manufacturers are exposed to expensive litigation, involving the possibilities of prohibitive injunction payment of royalties, rendering of accounts, and payment of punitive damages, and they are reluctant to take contracts that may bring such severe consequences. The situation promised serious disadvantage to the public interests, and in order that vital activities of this department may not be restricted unduly at this time, and also with a view of enabling dissatisfied patentees to obtain just and adequate compensation in all cases conformably to the declared purpose of said act, I have the honor to request that the act be amended by the insertion of a proper provision therefor in the pending naval appropriation bill.

"The changes desired are shown in the accompanying draft of provision, which would, if inserted in the naval bill, accomplish the desired result satisfactorily to the department, and favorable consideration of this matter is urgently requested.

"Sincerely yours,                    Franklin D. Roosevelt, Acting Secretary.
"Hon. Benjamin R. Tillman,
         "Chairman Committee on Naval Affairs, United States Senate."

### Statement to the House by Mr. Padgett:

"This is an amendment of the patent law, and, generally speaking, it would not be appropriate on the naval appropriation bill. It makes only a slight change in the existing law, but the urgency and necessity of it was such that the Senate deemed it proper to place it on the bill. It is strongly recommended in a letter from the Acting Secretary of the Navy, Mr. Roosevelt. The existing law provides that, when the government wrongfully uses a patent, the remedy of the patentee shall be to sue the government. The conditions now are such that it becomes necessary for the government to have contracts with various private manufacturers, and for them to use these patents where disputes may arise over the use of the patent. Now, if the government itself is manufacturing, they cannot enjoin the government, but under existing law must sue in the Court of Claims for the recovery of their rights under the use of the patent. If a man makes a contract with the government to perform the work, the patentee can enjoin the private contractor and the private manufacturer from doing the government work. Now the only change that is made is to provide that the private contractor, who is doing the government work under contract with the government, shall be placed on the same basis, and shall bring suit against the government of the United States to recover certain compensation from the use of their patent, or such damage for the use of the patent, as they could recover if the government of the United States was doing the work itself. Thereby it would prevent the injunction process from the courts being used to prevent private manufacturers doing government work. That is the whole change made in the law, and the conditions are such as to require that it should be done." Congressional Record, 65th Congress, 2d Session, proceedings of June 18, 1918, p. 7961.

It will be observed in the first place that Mr. Roosevelt's letter, in quoting the effect of the case of Cramp v. International Curtis Co., 246 U. S. 28, 38 Sup. Ct. 271, 62 L. Ed. 560, says:

"That a contractor for the manufacture of a patented article for the government is not exempt, unless he is only a contributory infringer."

In the next paragraph he says the case of Crozier v. Krupp, 224 U. S. 290, 32 Sup. Ct. 488, 56 L. Ed. 771, had been interpreted as having the effect of permitting the procuring of such patented articles as it needed, leaving the matter of compensation to patentees for adjustment

296 F.—46

by direct agreement or, if necessary, by resort to the Court of Claims. It is therefore manifest that what the Navy Department wanted was to be able to procure the making and furnishing to it of such patented articles as it might need, and allowing the patentee to sue the government in the Court of Claims for such damage as he should suffer by reason of such procurement of the patented articles by the navy, and he had no idea (for he certainly did not express any) of the use by an independent contractor of the patented article where such contractor was working for the government.

In the statement of Mr. Padgett it might be noticed that he says:

"The existing law provides that, when the government wrongfully uses a patent, the remedy of the patentee shall be to sue the government. The conditions now are such that it becomes necessary for the government to have contracts with various private manufacturers, and for them to use these patents where disputes may arise over the use of the patents."

And he says:

"Now the only change that is made is to provide that the private contractor, who is doing the government work under contract with the government, shall be placed on the same basis, and shall bring suit against the government of the United States to recover certain compensation from the use of their patent, or such damage for the use of the patent, as they could recover 'if the government of the United States was doing the work itself. Thereby it would prevent the injunction process from the courts being used to prevent private manufacturers doing government work."

It seems manifest to me from his statement that the purpose was to provide for the work being done where the terms of the contract with the government required the use by the contractor of the patented articles, and did not contemplate the use by the contractor for his own convenience, or for his own purpose in doing the government work, where he might have used that or any other tool.

I can readily understand how the government should provide that, where it calls for the use by the contractor in doing work for it of a patented article, it should be willing to pay damages to the patentee because it had required the use of the patented article in doing the work. I cannot understand how the government would be willing to pay such damages as the patentee might suffer by the unauthorized use by an independent contractor, without any knowledge on the part of the government or any requirement of the government that such patented article should be used in the performance of the work, any more than the government would be willing to pay for damages suffered by employees of an independent contractor who were injured in the performance of the work of such independent contractor, unless the government directed the doing by such employee of the thing which brought about his injury.

When the government knows and obliges the contractor to use the patented article, of course the government should be willing to pay; but it will be going entirely too far to say that, because any independent contractor for his own convenience saw fit to use the patented article in doing government work, the government should pay for such use by him, when they did not know he was using it.

So much for the purpose or intent of the navy in asking the passage of the act and of the Congress in passing it. Now let us examine the language of the act as passed, to see what was expressed in the act. It says:

That "whenever an invention described in and covered by a patent of the United States shall hereafter be used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same."

Notice the words:

"Shall hereafter be used or manufactured by or for the United States."

Let us analyze this language by rearranging it:

"Shall hereafter be used by the United States or manufactured by the United States or manufactured for the United States without license," etc.

This shows that where the United States used the article, or where the United States requires its use or manufacture for it, the act regulates such use or manufacture. It certainly does not indicate that, where the use is without the knowledge or requirement of the United States, it comes within the provisions of the act.

Further on the same words are used in speaking of the Court of Claims, which says:

"Where a claim for compensation is based on the use or manufacture by or for the United States of any article," etc.

The same analysis of this language shows with the same conclusiveness that it does not indicate the use by an independent contractor in doing the work for the United States, where such use was not with the knowledge or by the requirements of the United States. I am therefore of the opinion that, if the facts before the Commissioner show that this defendant had a contract which required certain dredging operations to be done by it for the United States, without further showing that the United States either required the use by the contractor of the Wood runner, or had knowledge that the Wood runner was to be used or was being used by defendant in doing this dredging operation, the act does not affect such use, and the Commissioner will proceed just the same as if the act had never been passed.

The following cases are cited as in conflict with my views:

In the case of Foundation Co. v. Underpinning & Foundation Co. (D. C.) 256 Fed. 374, it does not appear whether the contract with the government required the use by the contractor of the patented article, but it does appear that a special assistant United States attorney appeared as amicus curiæ; so we know that the government was cognizant of the use by the contractor of the patented article and took the trouble to appear in the cause, while there is no such appearance here. Nor does it appear from the court's discussion that the point I make was considered by the court. If the opinion is to be construed as holding that, if the patented article is used by an independent contractor without the consent or knowledge of the government, the government thereby becomes solely liable, then I decline to follow it.

In the case of Floyd Smith v. Irving Air Chute Co. (D. C.) 276 Fed. 838, it appears not only that the contract calls for the making of the

patented article for the government, but that the government also appeared by a special assistant attorney, so it does not in any way conflict with my holding. It does, however, uphold my view in respect to the power of the court to separate the ruling as to matters covered by the act from those infringements where the act would not be involved.