**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARCHIE OVERTON; S. PATRICK
MENDEL,

             Plaintiffs-Appellants,

  v.

UBER TECHNOLOGIES, INC.; et al.,

             Defendants-Appellees.

No.   18-16610

D.C. No. 3:18-cv-02166-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted March 6, 2020[**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Archie Overton and S. Patrick Mendel appeal pro se the district court's

dismissal of their action under the Federal Motor Carrier Act and California law

against members of the California Public Utilities Commission ("CPUC"), Uber

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Technologies, Inc., and other defendants.  We review de novo the district court's dismissal for failure to state a claim, and we review the denial of leave to amend for an abuse of discretion.  *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019); *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019).  We review de novo the district court's rulings regarding constitutional standing.  *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019), *cert. denied*, 2020 WL 283288 (U.S. Jan. 21, 2020) (No. 19-706).  We affirm the district court's judgment.

The district court correctly concluded that Overton and Mendel lacked Article III standing to seek invalidation of the CPUC's licensing scheme for "transportation network companies," or "TNCs," as preempted by the Federal Motor Carrier Act.  *See Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020) ("Article III standing requires injury-in-fact, causation, and redressability.").  First, appellants did not sufficiently allege an injury-in-fact in any imminent federal enforcement of Federal Motor Carrier Act registration requirements on Uber drivers such as themselves.  Second, appellants did not show that any federal enforcement would be caused by the CPUC.  Third, appellants did not plausibly allege that invalidation of the TNC statue would redress their alleged harm because, whether or not California administers a TNC program, the federal requirements would still exist.

2

We affirm the district court's conclusion that 49 U.S.C. § 49505, a Federal Motor Carrier Act prohibition against state collection of fees on interstate passenger transportation, does not preempt California's assessment of "PUCTRA" fees on passenger carriers pursuant to Cal. Pub. Util. Code §§ 421, 431. *See Cal. Ins. Guar. Ass'n v. Azar*, 940 F.3d 1061, 1067 (9th Cir. 2019) (standard for express preemption); *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015) (standard for conflict preemption). PUCTRA fees are assessed only on intrastate transportation, and the Federal Motor Carrier Act applies only to interstate transportation. *See* 49 U.S.C. § 13501; Cal. Pub. Util. Code § 424(b).

As to appellants' claims against the Uber defendants, the district court properly held that appellants lacked standing, based on fear of federal prosecution or other theories, to allege that Uber was operating as a motor carrier under the Federal Motor Carrier Act without registration in violation of 49 U.S.C. § 14707. *See Planned Parenthood*, 946 F.3d at 1108. The district court also did not err in concluding, alternatively, that plaintiffs' registration claim failed on its merits. Uber is not a "motor carrier" required to register under the Federal Motor Carrier Act because it does not own, rent, or lease vehicles. *See* 49 U.S.C. §§ 13102(14), 13902(a). Further, assuming Uber is a "broker" under the Act, registration is required only for brokers for transportation of property, as opposed to transportation of passengers. *See* 49 U.S.C. §§ 13102(2) (defining broker),

3

13904(a) (registration requirement applies to "a broker for transportation of property").

The district court properly dismissed Overton and Mendel's state law claims against Uber for breach of contract, unjust enrichment, indemnification, violation of California's Unfair Competition Law, and fraud. Insofar as these claims are premised on the notion that Uber was operating without proper authority as a motor carrier or broker under federal law, they lack merit because appellants failed to state a claim that Uber violated the registration requirements of the Federal Motor Carrier Act. Insofar as the state law claims are premised on the notion that Uber was operating as a TNC or a "transportation charter-party carrier" ("TCP") without proper authority under California law, the claims lack merit because, when the district court entered judgment, CPUC Decision 18-04-005, requiring Uber Technologies, Inc., to register as a TCP and TNC, was not yet final and non-appealable.

The district court properly exercised its discretion in dismissing the action without leave to amend. *See Great Minds*, 945 F.3d at 1112.

All pending motions are denied.

**AFFIRMED.**