NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA F. DURKEE, individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A.,

Defendant-Appellee.

No. 20-55920

D.C. No. 3:20-cv-00347-DMS-LL

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, Chief District Judge, Presiding

Submitted July 8, 2021**
Pasadena, California

Before: WATFORD, BUMATAY, Circuit Judges, and FREUDENTHAL,***
District Judge
Dissent by Judge WATFORD

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1

Andrea Durkee appeals the district court's order granting Bank of America's ("BofA") motion to dismiss Durkee's first amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the factual and procedural history is familiar to the parties, we need not recount it in detail here.

BofA's fee schedule assesses an international transaction fee of 3% of the U.S. dollar amount of the transaction "if you use your card to obtain foreign currency from an ATM. Visa or Mastercard converts the transaction into a U.S. dollar amount, and the International Transaction Fee applies to that converted U.S. dollar amount. ATM fees may also apply to ATM transactions. See ATM Fees section." The ATM fees section outlines, in detail, fees charged by BofA for using non-BofA ATMs and only references independent ATM operator usage fees to note that they may "also" be charged.

Durkee argues that the district court erred when it found that non-BofA foreign ATM operator fees are part of the "transaction" to which the international transaction fee applies. She argues that, because the fee schedule places the phrase "ATM fees may also apply to ATM transactions" after the phrase "the International Transaction Fee applies to that converted U.S. dollar amount," all ATM fees, including those assessed by foreign operators, should be considered separately and not be included in the converted U.S. dollar amount.

2

Durkee's arguments are not persuasive. The narrative structure she emphasizes is followed by the specific direction to "[s]ee ATM Fees section." That section plainly refers to ATM fees assessed by BofA and does not apply to ATM fees assessed by foreign ATM operators. Logically, therefore, the international transaction fee must apply to foreign ATM fees as they are part of the converted U.S. dollar amount of the transaction.

Durkee also argues that the district court abused its discretion in denying leave to amend the first amended complaint. However, "[d]ismissal without leave to amend is proper if it is clear that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019) (quotation omitted). Here, the district court's interpretation of the fee schedule was a question of law, which we affirm. Thus, further amendment would have been futile. *See id.*

Durkee's breach of contract claim fails. As her breach of the implied covenant of good faith and fair dealing is based on the same allegations, it fails as well. Durkee abandons her conversion claim.

**AFFIRMED.**

3

*Durkee v. Bank of America, N.A.*, No. 20-55920

WATFORD, Circuit Judge, dissenting:

In my view, the term "transaction" in Durkee's contract with Bank of America is susceptible to more than one reasonable interpretation and is therefore ambiguous. It strikes me as equally plausible to read the undefined term "transaction" as referring either solely to the amount that a customer withdraws from the ATM, or to the amount withdrawn plus any fees imposed by a third-party ATM operator. None of the other provisions in Bank of America's fee schedule definitively rules out either reading. Because this case hinges on the interpretation of an ambiguous contract term, the district court erred by dismissing it at the pleading stage.