**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAM MONET, | No. 24-253 |
| Plaintiff - Appellant, | D.C. No.<br>1:21-cv-00368-LEK-KJM |
| v. | |
| EDWARD UNDERWOOD, DLNR<br>Administrator in his individual capacity;<br>GORDON WOOD, Working Group<br>Chairman in his individual capacity;<br>SHARON MORIWAKI, Hawaii State<br>Senator in her individual capacity;<br>ATTORNEY GENERAL STATE OF<br>HAWAII, in her official capacity, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted January 30, 2026[**]

Before: SCHROEDER, FRIEDLAND, and COLLINS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Sam Monet appeals pro se from the district court's entry of judgment in favor of Defendants-Appellees: Edward Underwood, the administrator of a division within Hawaii's Department of Land and Natural Resources, in his personal capacity; the Attorney General of the State of Hawaii in her official capacity ("AG"); Hawaii State Senator Sharon Moriwaki in her personal capacity; and Gordon Wood, a member of a legislative working group established by Senator Moriwaki, in his personal capacity. In his operative second amended complaint, Monet alleged that he experienced violations of his constitutional rights at the hands of Hawaii state officials, all of which related to his residency at the Ala Wai Small Boat Harbor. On appeal, Monet challenges the district court's substantive rulings as well as many of the court's procedural decisions made throughout the litigation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of Monet's claims against the AG. *See Jones v. Allison*, 9 F.4th 1136, 1139 (9th Cir. 2021).

The district court properly held that the AG, when sued in her official capacity as she was here, is immune from claims for damages. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

The district court also did not err in denying leave to amend and dismissing

with prejudice the claims against the AG for prospective injunctive relief. A state official may not be sued in her official capacity for injunctive relief unless she has a "fairly direct" connection to the challenged action—"a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992). Because Hawaii regulations establish that other officials are responsible for enforcing the challenged provisions of law, Monet did not and could not demonstrate that the AG had anything more than a "general supervisory power." *Id.*; Haw. Admin. R. §§ 13-232-40(b)-41; *Id.* § 13-230-4(b). Accordingly, any amendment to his complaint would have been futile, and the dismissal with prejudice was proper. *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

2. We review de novo the district court's determination that Senator Moriwaki and Wood were entitled to absolute legislative immunity. *Jones*, 9 F.4th at 1139.

Senator Moriwaki's involvement in the contested conduct at the Harbor stems solely from her efforts to develop a working group to propose legislation related to the Harbor. Because that was a traditional legislative activity, Senator Moriwaki was entitled to legislative immunity against claims for damages and for

injunctive relief. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012).

Although Wood is not an elected official, the district court properly granted him legislative immunity as well. *Jones*, 9 F.4th at 1140 ("Legislative immunity . . . is not limited to officials who are members of legislative bodies."). Wood's actions were functionally legislative, because they all related to Senator Moriwaki's working group and its efforts to develop legislation. Monet failed to produce sufficient evidence to raise a triable issue that Wood enforced Harbor policies or engaged in any conduct unrelated to the working group's aims of recommending legislation. Monet's only evidence on this score consisted of his own declaration, in which the relevant assertions were conclusory, not based on personal knowledge, or wholly lacking in foundation. That is not enough to create a genuine dispute about whether Wood's activities were all functionally legislative. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence.").

3.     We review de novo the district court's grant of summary judgment on the claims against Underwood. *Cates v. Stroud*, 976 F.3d 972, 978 (9th Cir. 2020). Monet introduced no evidence that Underwood knowingly violated the law or

personally took any actions that a reasonable official would have known violated the law, so the district court correctly held that Underwood was entitled to qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (holding that qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law"); *see also Hyde v. City of Wilcox*, 23 F.4th 863, 874 (9th Cir. 2022) ("Under Section 1983, supervisors cannot be held liable for the acts of their reports under a *respondeat superior* theory.").

4.    We reject Monet's challenges to the district court's procedural orders throughout the litigation.

Monet has not demonstrated that the court exceeded its authority to issue rulings without an in-person hearing or shown prejudice stemming from the lack of opportunity for oral argument. *See, e.g.*, D. Haw. Local R. 7.1(c) ("Unless specifically required, the court may decide all matters, including motions, petitions, and appeals, without a hearing."); *Smith v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 857 F.2d 587, 592 (9th Cir. 1988) ("[F]ailure to grant oral argument is not reversible error in the absence of prejudice.").

The district court did not abuse its discretion in denying Monet's motion for reconsideration. *See Palm v. L.A. Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018) ("We review a denial of a motion for reconsideration . . . for abuse

of discretion."). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). No such circumstance was present here.

Monet's arguments about the district court's General Order ("G.O.") 23-1, which requires parties to disclose if their briefs or memoranda were generated using artificial intelligence (AI), are unavailing. The general order does not prohibit the use of AI tools, and Monet himself chose, in response to its disclosure requirement, not to make use of AI in preparing the motion for reconsideration he filed after the general order took effect. Monet has made no showing that the choice not to use AI in his preparation of his reconsideration motion prejudiced him in any respect. Indeed, it is implausible that the use of AI would somehow have permitted Monet to satisfy the demanding standard for reconsiderations motions, which he plainly did not meet. Because the order had no effect on him, we decline to address further his challenges to it.

Finally, the district court did not abuse its discretion by denying Monet leave to late-file a third amended complaint. *See Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1112 (9th Cir. 2019) ("We review a district court's denial of leave to

amend for abuse of discretion."). Monet missed the deadline for amendment set by the court, and the court did not abuse its discretion in determining that Monet had not been diligent and had failed to demonstrate good cause to amend the scheduling order. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [the moving] party was not diligent, the [good cause] inquiry should end."); *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986) (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates").

5.     We reject Monet's unsupported allegation of judicial bias. *See Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) ("To succeed on a judicial bias claim . . . the petitioners must overcome a presumption of honesty and integrity in those serving as adjudicators."). We decline to reach Monet's additional arguments. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e will not consider arguments that are raised for the first time on appeal."); *United States v. Alonso*, 48 F.3d 1536, 1545 (9th Cir. 1995) (declining to reach an issue about which the appellant did not cite any authority or "articulate[] any theory as to how the district court erred").

**AFFIRMED**.